**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SBA Communications Corporation, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>County of Navajo, et al.,<br><br>Defendants. | No. CV-24-08230-PCT-DWL<br><br>**ORDER** |

Pending before the Court are a pair of related motions: (1) a motion to intervene filed by a group of putative intervenors (Doc. 34); and (2) a joint motion to stay the case, pending finalization of a settlement agreement, filed by the existing parties (Doc. 35). For the reasons that follow, the stay request is denied without prejudice due to the pendency of the intervention request.

**RELEVANT BACKGROUND**

In November 2024, Defendants Navajo County and The Navajo County Board of Supervisors (together, "the County") denied a special use permit application filed by Plaintiffs SBA Communications Corporation and SBA Towers X, LLC (together, "SBA") to construct a wireless carrier facility ("WCF") along East Concho Highway in Snowflake, Arizona. (Doc. 1 ¶¶ 1-4, 37-130; Doc. 18 at 2-3.) One of the concerns raised during the hearings that preceded the denial decision was that the proposed WCF "would place an undue burden on disabled individuals due to RF [radiofrequency] exposure." (Doc. 1 ¶ 97.) During one hearing, "the opposition spoke almost exclusively of concerns regarding

RF emissions and its effect on themselves, their community, and the environment." (*Id.* ¶ 57.) Nine speakers "explicitly discussed the adverse effect RF emissions from the tower would have either on their health or on the property values in the community because the houses are designed to avoid RF emissions and the proximity of the Proposed Tower would prevent the sale of the homes to people with EHS [electromagnetic hypersensitivity], thereby reducing the sale price of the homes." (*Id.* ¶ 59.) "[T]he Denial letter lists public protest regarding ADA compliance as a reason for denying the Proposed Tower." (*Id.* ¶ 119.)

On December 12, 2024, SBA initiated this action, which raises a challenge to the County's denial of the application under the Federal Telecommunications Act of 1996. (*Id.* ¶ 5.)

On April 18, 2025, the parties filed the Rule 26(f) report. (Doc. 18.) In it, they did "not oppose[] referral of this matter to a settlement conference." (*Id.* at 6.) Accordingly, on April 30, 2025, following the Rule 16 scheduling conference, the Court issued an order referring this matter to Magistrate Judge Rateau for a settlement conference. (Doc. 23.)

On August 25, 2025, the settlement conference began. (Doc. 33.) The parties did not reach a settlement but agreed to renew settlement negotiations on September 8, 2025. (*Id.*)

On September 4, 2025, a group of individuals filed a motion to intervene in this action. (Doc. 34.) It appears that some or all of the putative intervenors may be the same individuals who spoke in opposition to the proposed WCF during the hearings that preceded the County's denial of SBA's application, as the putative intervenors identify themselves as individuals with EHS who reside in a "RF radiation-free Community" located close to the proposed tower and whose home values "will undeniably, precipitously drop" if the proposed WCF is allowed to be constructed. (*Id.* at 4.) As noted, the complaint alleges that nine community members raised similar concerns during the hearings. (Doc. 1 ¶¶ 57-59.) Among other things, the putative intervenors contend they should be allowed to intervene because "[l]awsuits like this one more often than not end in a settlement that

allows the plaintiff to construct the proposed tower, at the proposed location, with few or no conditions. Municipalities like Navajo County often seek to avoid the continued expense of litigation, and the inherent negative impact on their funds, and agree to approve the application that they had previously denied in order to do so. Such a settlement would cause irreparable harm to the Intervenors because they suffer from a disability—Electromagnetic Hypersensitivity (EHS)—which will cause them to suffer debilitating symptoms if they are exposed to levels of RF radiation otherwise considered to be safe for the general public." (Doc. 34 at 3.)

On September 8, 2025, the settlement conference resumed. (Doc. 36.) The resulting minute entry from Judge Rateau provides: "A tentative settlement was reached. The Navajo County Board of Supervisors must vote and approve the settlement, the parties will be requesting that the District Court stay all deadlines until that vote. A meeting with the Board of Supervisors will be scheduled within 14 days of the signing of all relevant documents. If the Board of Supervisors does not approve the settlement agreement, the parties will contact the District Court to establish a new case management order." (*Id.*)

On September 9, 2025, the parties filed a joint motion to "stay all proceedings and deadlines in this matter, while they formalize and obtain approval for a settlement between the parties." (Doc. 35.)

**DISCUSSION**

The parties' joint motion to stay this case, so they can finalize their proposed settlement, is premature in light of the intervention request, which specifically argues that the putative intervenors should be allowed to join this action so they can prevent the parties from settling the action in a manner that would injure them.

The Court, to be clear, takes no position on the merits of the intervention request. The point is simply that granting the parties' stay request right now would effectively result in the denial of the intervention request. The better course of action is to allow the intervention request to become fully briefed and then resolve it on the merits.

Accordingly,

1  **IT IS ORDERED** that:

2  1. The parties' joint motion to stay (Doc. 35) is **denied without prejudice**.

3  2. The motion to intervene (Doc. 34) will be resolved in due course after it
4  becomes fully briefed.

5  Dated this 10th day of September, 2025.

*[signature]*
Dominic W. Lanza
United States District Judge